WALTER COVINGTON *v.* NORMAN GERNERT

[No. 69, September Term, 1976.]

*Decided May 31, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*David B. Purdum,* with whom were *Rochlin & Settlemen, P.A.* on the brief, for appellant.

*Wm. B. Somerville,* with whom were *Gregory A. Szoka* and *Smith, Somerville & Case* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

The question presented here as to whether a driver on a through highway going in the wrong direction on a one-way street is entitled to the protection of Maryland's boulevard rule as enunciated in *Greenfeld v. Hook,* 177 Md. 116, 132, 8 A. 2d 888 (1939), must be decided in the light of the changes wrought in Maryland's motor vehicle law by its complete revision by Chapter 534 of the Acts of 1970. By its terms the revised law is not applicable "to any traffic accident . . . occurring prior to [its] effective date," January 1, 1971. Accordingly, it was not applicable to *Creaser v. Owens,* 267 Md. 238, 297 A. 2d 235 (1972), and *Hensel v. Beckward,* 273 Md. 426, 330 A. 2d 196 (1974). We most recently reviewed the boulevard rule in *Dean v. Redmiles,* 280 Md. 137, 374 A. 2d 329 (1977), noting that our interpretation of the rule in that case was consistent with the revised statutory provisions.

Maryland Code (1957, 1970 Repl. Vol.) Art. 66½, § 11-403 (b) requires "[t]he driver of a vehicle [to] come to a full stop . . . at the entrance to a through highway and [to] yield the right-of-way to other vehicles approaching on the through highway." The term "through highway" is defined in § 1-198. "Right of way" is defined in § 1-175 as meaning "the right of one vehicle . . . to proceed in a *lawful manner* on a highway in preference to another vehicle . . . ." (Emphasis added.) This definition is in sharp contrast to that in Code (1957) Art. 66½, § 2 (a) (45) which defined the term as "[t]he privilege of the immediate use of the highway."

The facts here are undisputed. The accident giving rise to this litigation took place in Baltimore on November 9, 1974. Appellant, Walter Covington (Covington), was proceeding

eastbound on Chase Street. He stopped at a stop sign at the intersection of Chase Street with Washington Street, a "through highway." Washington Street is designated as a "one-way" street for traffic going northbound. His testimony was to the effect that he stopped and looked in the direction from which traffic should have been coming. Appellee, Norman Gernert (Gernert), was operating a vehicle proceeding the wrong way on Washington Street. A collision ensued. Covington obtained a judgment against Gernert in the District Court. The Baltimore City Court reversed on appeal, holding that the boulevard rule protected Gernert.

In *Greenfeld*, 177 Md. at 132, this Court said that this statutory requirement was "mandatory, that it is the positive and imperative duty of a person driving an automobile over an unfavored highway, when he approaches an intersecting highway lawfully designated as a 'boulevard' or 'stop street,' to stop before entering the intersection, and having stopped, to exercise reasonable care and diligence to discover whether traffic thereon is approaching the intersection, and, having entered the intersection, to yield the right of way to such traffic, by permitting it to proceed without interruption, and that that duty persists throughout his passage across the favored way."

The purpose of the boulevard statute was said in *Greenfeld* to be "to accelerate the flow of traffic over through highways by permitting travellers thereon to proceed within lawful speed limits without interruption." To like effect *see, e.g., Dean v. Redmiles, supra; Brown v. Ellis,* 236 Md. 487, 494-95, 204 A. 2d 526 (1964); *Zeamer v. Reeves,* 225 Md. 526, 532, 171 A. 2d 488 (1961); *Harper v. Higgs,* 225 Md. 24, 31, 169 A. 2d 661 (1961); *Sun Cab Co., Inc. v. Hall,* 199 Md. 461, 467, 86 A. 2d 914 (1952); and *Blinder v. Monaghan,* 171 Md. 77, 83, 188 A. 31 (1936).

The report of the Warnken Committee to Study Revision of the Motor Vehicle Laws (iv) (1968) states relative to the subtitle containing definitions that "[f]ew substantial changes were made, except as necessary for clarity or to implement substantive changes made in other subtitles." Its proposed § 1-173 is identical with present § 1-175. The

General Assembly did not rush in to adopt this proposed new code. It was considered by the Legislative Council in 1969. The Judiciary Committee of that body appointed a special committee which studied the matter and recommended adoption of the report of the Warnken committee. The proposed definition of "right of way" was precisely as it now appears in § 1-175.[1]

It is unfortunate that the definition of right of way appearing in § 1-175 was not brought to the attention of the trial judge. It is obvious that when Gernert was operating his motor vehicle the wrong way on a one-way street he was not "proceed[ing] in a lawful manner" and thus his vehicle was not entitled to preference over that of Covington. Accordingly, the Baltimore City Court erred in determining that the boulevard rule required a finding that Covington was guilty of contributory negligence as a matter of law. We need go no further than that. There is an argument on behalf of Gernert that his automobile "had already entered the intersection and was, in fact, almost totally through the intersection when it was struck on its right rear panel by the Covington vehicle," and thus that there was reason other than the boulevard law for a holding that Covington was guilty of contributory negligence. On the remand the Baltimore City Court will be permitted to consider all relevant facts in determining whether Covington may recover from Gernert except that it will not be permitted to regard Covington as having violated the boulevard rule. It will bear in mind, however, that under Maryland Rule 1386 "the judgment of the lower court will not be set aside on the evidence unless clearly erroneous . . . ." *See Ryan v. Thurston,* 276 Md. 390, 392, 347 A. 2d 834 (1975).

> *Judgment vacated and case remanded to the Baltimore City Court for further proceedings consistent with this opinion; costs to abide the final result.*

---

1. This is the first case to reach this Court relative to an accident occurring since the effective date of the "new" motor vehicle law where the changed definition of right of way appears to compel a different result.