643 A.2d 422

**Karen DENNARD**

**v.**

**Douglas M. GREEN et al.**

**No. 74, Sept. Term, 1993.**

Court of Appeals of Maryland.

June 29, 1994.

306

David M. Kopstein (Dross, Levenstein, Perilman & Kopstein, all on brief), Washington, DC, for petitioner.

William N. Zifchak (Sasscer, Clagett & Bucher, all on brief), James J. Lombardi (Lombardi, Powers & Amster, all on brief), Upper Marlboro, for respondent.

Argued before MURPHY, C.J., and RODOWSKY, McAULIFFE,* CHASANOW, KARWACKI, BELL and CHARLES E. ORTH, Jr.,** (retired), Specially Assigned, JJ.

BELL, Judge.

We granted Karen Dennard's (the petitioner) petition for certiorari to consider whether, in an action by a passenger against both drivers in a two car accident in which the boulevard rule is applicable, at least one of those drivers must be negligent as a matter of law. Like the Circuit Court for Prince George's County and the Court of Special Appeals, our answer is "no." We, therefore, affirm the judgment of the Court of Special Appeals, 95 Md.App. 652, 622 A.2d 797.

---

\* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

\*\* Orth, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion of the Court.

## I.

The accident out of which these proceedings arose occurred on Rhode Island Avenue in Hyattsville, Prince George's County, Maryland on July 14, 1988. The automobile driven by Douglas M. Green ("Green"), one of the respondents herein, was travelling on Howard Road and attempting to cross at its intersection with Rhode Island Avenue when it collided with the automobile driven by Hugo A. Procopio, Jr. ("Procopio"), the other respondent. Procopio's car was travelling on Rhode Island Avenue. The intersection of Rhode Island Avenue and Howard Road is controlled by stop signs directed at the traffic on Howard Road. Howard Road, thus, is the unfavored road while Rhode Island Avenue is the favored way. The speed limit on Rhode Island Avenue is 25 mph.

The petitioner was a passenger in Green's automobile. Having been severely injured in the accident, she filed suit against both Green and Procopio, alleging that both were negligent. At trial, she testified that Green stopped twice prior to the accident, once when he approached the stop sign and again when he was about halfway through the intersection. On the first occasion, the petitioner, who was seated in the right front passenger seat, stated that she looked to the right, the direction from which the Procopio vehicle was proceeding, but saw no cars coming. On the second occasion, when looking to the right, she observed Procopio's vehicle as a "red flash" just before the collision, when it was only about a car length away. She concluded that Procopio was speeding; her estimate of his speed was at least 40 mph.

The petitioner's testimony was largely corroborated by Green. He also testified that he stopped on two occasions. On the first occasion, at the stop sign, his vision being blocked on the left by "hedges or something," he drifted up about a foot or two so "[he] could see around the corner." Having then looked left and right and seeing no cars coming—the visibility was, he asserted, about 60–80 yards with no obstruction blocking his view—he stated that he moved out slowly,

directing his attention back left as he did so. He then testified:

> I was directing my attention back right. As I cross—got to the halfway point of the street, I saw a red vehicle coming toward me, so I stopped my vehicle, turning my wheels to the left at the same time, and brought the car to a stop.

Green estimated that Procopio's vehicle was travelling "anywhere between 45 and 50 mph" before impact, and that approximately five to eight seconds elapsed between the time of his second stop and the collision. When he first saw the Procopio car, it was about 20 yards away.

Procopio testified that he was travelling 25 mph, the posted speed limit. Although "Rhode Island Avenue in the vicinity of the accident was a flat, straight, two-way road separated by a double yellow line," he stated that he did not see Green's car until it was "three feet from [his] door." [1]

The petitioner's motion for judgment as to both Green and Procopio having been denied and the jury having been instructed, the case was submitted for deliberation. The jury was provided with a verdict sheet which included the following two questions:

> Was Hugh Anthony Procopio, Jr., guilty of negligence?
> Was Douglas Monroe Green guilty of negligence?

The jury answered both questions, "No." The petitioner's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was denied.

## II.

In her post-trial motion, the petitioner argued:

> Although it is true that the mere happening of an accident does not prove negligence, the evidence in this case excluded the possibility of a collision between these two vehicles without at least one driver having been negligent. There are no facts that could support a finding of unavoidable

---

1. In Procopio's deposition, taken before trial, he testified that the weather on the day of the accident was partly cloudy. Testifying at trial, he said that the weather was clear and sunny. With that exception, there was little inconsistency between his deposition and trial testimony.

accident, act of God, justified emergency or any of the other legally recognized circumstances in which a collision between two vehicles could occur without negligence. If the jury believed the version of Defendant Green as to the excessive speed of Defendant Procopio, then it would have to find Defendant Procopio negligent. If the jury believed the version of Defendant Procopio that he was proceeding at the posted speed limit, then it would have to find, pursuant to the Boulevard Law instruction of the Court, that the Defendant Green failed to yield the right-of-way, rendering him negligent. The jury also could have found that although Defendant Procopio was not speeding and therefore had the right-of-way over Defendant Green, his inattentiveness and failure to take steps to avoid the collision was also a proximate cause so that both defendants would be negligent.

That observation formed the basis for the petitioner's argument in the Court of Special Appeals, that Green, the unfavored driver, was negligent as a matter of law. She renews that argument in this Court.

The principal underpinning of the petitioner's argument is that the boulevard law has as its purpose "to give preference to drivers on the highways when they encounter other drivers attempting to enter or cross through highways." *Myers v. Bright,* 327 Md. 395, 398 n. 1, 609 A.2d 1182, 1183 n. 1 (1992). Where it is applicable, she contends (quoting *Creaser v. Owens,* 267 Md. 238, 249, 297 A.2d 235, 241 (1972)),

the absolute and unequivocal duty of the unfavored driver to stop and yield the right of way to all traffic during his entire passage through the favored highway is only tempered by the doctrine of last clear chance or a finding of contributory negligence on the part of the favored driver.

To this, she adds what we said in *Dean v. Redmiles,* 280 Md. 137, 147–48, 374 A.2d 329, 335–36 (1977):

Thus, unless the doctrine of last clear chance is involved, an unfavored driver's claim as a plaintiff is defeated by his failure to yield the right-of-way, since he is then guilty of

contributory negligence as a matter of law.... It follows that an unfavored driver as a defendant in an action brought by a favored driver is liable, being guilty of negligence as a matter of law, in the absence of a showing of contributory negligence on the part of the plaintiff.... A corollary of that holding must be that an unfavored driver is liable to his own passenger in the absence of circumstances ... barring the claim of the passenger. (Citations omitted).

She concludes:

Because the jury answered "no" to the special interrogatory asking whether Procopio (the favored driver) was negligent and because the doctrine of last clear chance was not raised, *Redmiles* compels a finding of liability on the part of Green (the unfavored driver) as a matter of law.

Petitioner's brief at 8.

The petitioner rejects the conclusion drawn by the Court of Special Appeals that, by virtue of the inclusion of the phrase, "in a lawful manner," in the definition of "right-of-way," *see* Ch. 534 of the Acts of 1970, effective January 1, 1971,[2] whenever an unfavored driver produces evidence that the favored driver was proceeding unlawfully, even if the jury does not find that driver to be negligent, a jury question as to the boulevard rule's application to the unfavored driver is presented. As the petitioner sees it, the boulevard rule's preference for the favored driver is not eviscerated simply because evidence legally sufficient to support a conclusion that the favored driver was not proceeding lawfully is produced. Nor does the petitioner read *Covington v. Gernert*, 280 Md. 322, 373 A.2d 624 (1977), as the Court of Special Appeals does, as departing from *Redmiles* and earlier cases applying the

---

2. Maryland Code (1957, 1992 Repl.Vol.) § 21–101(r) of the Transportation Article now provides:

"Right-of-way" means the right of one vehicle or pedestrian to proceed in a lawful manner on a highway in preference to another vehicle or pedestrian.

Prior to that change, "right-of-way" was defined simply as "[t]he privilege of the immediate use of the highway". Maryland Code (1957) Art. 66½, § 2(a)(45).

boulevard rule. Moreover, she asserts, this Court, in *Bright, supra,* "expressly rejected an argument by an unfavored motorist that, under the statutory definition of 'right-of-way[,]' he was not required to yield to an approaching vehicle that was not proceeding 'in a lawful manner' because it was speeding," when this Court stated:

> Whatever the situation, it would be illogical to hold that [the favored driver's] speed relieved [the unfavored driver] of his general duty to give attention to those vehicles he could reasonably anticipate would be on the road.

Petitioner's brief at 9 (quoting 327 Md. at 400, 609 A.2d at 1184).

The Court of Special Appeals' opinion does rely heavily upon the change in the definition of right-of-way. That court concluded that the amendment signaled, as *Covington v. Gernert,* 280 Md. 322, 373 A.2d 624 (1977), confirmed, "that the once seemingly expanding scope of the boulevard rule was beginning to show signs of contraction." Opinion, 95 Md.App. at 664, 622 A.2d at 802. In *Gernert,* we held that a favored driver proceeding the wrong way on a one way street was not proceeding in a lawful manner because his presence could not reasonably be anticipated by other unfavored drivers, and, therefore, had no preference over the unfavored driver. 280 Md. at 324, 373 A.2d at 625. We did note particularly the difference between the definition of right-of-way prior to and after the 1970 amendment. For that reason, apparently, the intermediate appellate court chided the petitioner for failing to recognize that, with the amendment, the statutory preference of the boulevard rule is no longer absolute, but, where the evidence is legally sufficient to permit the jury to determine that the favored driver was proceeding unlawfully, it is eviscerated. Opinion, 95 Md.App. at 666, 622 A.2d at 804.

### III.

Notwithstanding that *Gernert* may suggest the contrary, even before the decision in that case, we had never absolved a favored driver from all of the consequences of his or her

unlawful driving while on the boulevard. *Redmiles,* on which the petitioner heavily relies, fully recognizes that this is so. 280 Md. at 148, 374 A.2d at 336. Judge Smith, in an exhaustive opinion, after categorizing [3] the various kinds of suits that had arisen under the boulevard rule up to that time, discerned several principles:

> The boulevard law is intended to expedite the flow of traffic on the boulevard.... The duty of an unfavored driver to stop and yield the right-of-way is mandatory, positive and inflexible. Accordingly, an unfavored driver violates this requirement at his own risk. Thus, unless the doctrine of last clear chance is involved an unfavored driver's claim as a plaintiff is defeated by his failure to yield the right-of-way, since he is then guilty of contributory negligence as a matter of law.... It follows that an unfavored driver as a defendant in an action brought by a favored driver is liable, being guilty of negligence as a matter of law, in the absence of a showing of contributory negligence on the part of the plaintiff.... A corollary of that holding must be that an unfavored driver is liable to his own passenger in the absence of circumstances such as those discussed and found in *Slutter v. Homer,* [244 Md. 131, 223 A.2d 141 (1966)] barring the claim of the passenger. A favored driver may assume that others will obey the law and he need not anticipate their violation of the law.... However, the favored driver may not proceed in complete disregard of obvious danger....

---

**3.** Judge Smith classified the cases in terms of which party was the plaintiff:

> Cases reaching this Court arising under the boulevard rule fall into eight categories, the suit of the favored driver against the unfavored driver, the unfavored driver against the favored driver, the passenger of an unfavored driver against the favored driver, the passenger of an unfavored driver against both drivers, the passenger of the favored driver against both drivers, the passenger of the favored driver against the unfavored driver, the passenger of the favored driver against the favored driver, and, finally, counterclaims so that the favored and unfavored drivers are suing each other.

*Dean v. Redmiles,* 280 Md. 137, 144, 374 A.2d 329, 334 (1977).

*Redmiles,* 280 Md. at 147–48, 374 A.2d at 335–36 (citations omitted). Judge Smith went on to observe:

> It follows from what we said relative to contributory negligence as a defense to a favored driver's claim against an unfavored driver that the boulevard rule does not relieve the favored driver from the duty to observe that degree of ordinary care for his own safety which is imposed upon all men. From that it further follows that the boulevard rule does not relieve the favored driver from the duty to use that degree of care for a passenger in his vehicle which one expects a normally prudent driver to exercise on behalf of his passenger.

*Id.* at 148–49, 374 A.2d at 336. *See also Fowler v. DeFontes,* 211 Md. 568, 574, 128 A.2d 395, 398 (1956) (the favored driver's "right-of-way is not absolute, unqualified, and complete . . ., at all times and under all circumstances"); *Kopitzki v. Boyd,* 277 Md. 491, 355 A.2d 471 (1976). Indeed, in the latter case, the court, quoting J. Webb, *Bothersome Boulevards,* 26 Md.L.Rev. 111, 125 (1966), said:

> "There is, therefore, no justification for further extension of the privilege of the favored driver into situations where he has originally been driving unlawfully or carelessly. Ordinarily, in most boulevard cases, it is not material what the favored driver was doing. The accident would never have happened if the unfavored vehicle had yielded right of way, and the conduct of the unfavored driver is the sole proximate cause of the accident. But if it can be shown that the favored driver could have avoided the accident if he had been operating lawfully and with due care, then the negligence of the favored driver should be an issue for the jury."

*Kopitzki,* 277 Md. at 496, 355 A.2d at 474.

In *Redmiles,* the unfavored driver's car was stalled in the southbound slow lane of traffic. Its driver had earlier pulled off the highway but had backed up preparatory to pulling straight into a parking space of an establishment he intended to visit. When he did so, his car stalled on the highway. The other car involved in the accident, driven by the favored

driver, was travelling southbound on the highway, in the slow lane of traffic, in company with another vehicle, which was either along side or slightly in front of or behind it. The driver of the latter vehicle was able to avoid the accident. His testimony was that he saw the unfavored car in the slow lane and hit his brakes and veered off to the left, thus, avoiding contact. He then testified that he saw the favored vehicle strike the unfavored car in the slow lane. The favored driver's speed was estimated at between 55 and 70 mph. The evidence also established that his car had laid down more than 230 feet of skidmarks, all in the slow lane of travel.

Suit was brought by the estate of the favored driver's passenger against the estate of the favored driver, both having been killed in the accident, by the unfavored driver. The jury returned a verdict in favor of the plaintiff against both defendants. We first observed:

> In a case involving the claim of the passenger of an unfavored driver against the favored driver or the claim of a passenger of a favored driver against the favored driver, the fact that the favored driver is violating the speed law does not become a jury question unless the evidence is sufficient to warrant a conclusion that the violation is a proximate cause of the injury concerning which complaint is made.

280 Md. at 151–52, 374 A.2d at 338. We then held:

> That in an action against a favored driver by his passenger and in an action of the passenger of an unfavored driver against the favored driver if the evidence before the court is sufficient to support a conclusion that the speed of the favored driver was a proximate cause of the accident, then this becomes a jury question.

*Id.* at 137, 374 A.2d at 329. This holding followed logically from two well-settled principles: "[t]hat the violation of a statutory regulation is evidence of negligence, and if such violation causes or contributes to the injuries complained of it constitutes negligence," quoting *Ford v. Bradford,* 213 Md. 534, 541, 132 A.2d 488, 491–492 (1957), and that, "if reasonable minds would differ as to whether 'such violation causes or

contributes to the injuries complained of,' a jury question would be presented." *Redmiles*, 280 Md. at 161, 374 A.2d at 342.

We concluded that the evidence was "legally sufficient . . . to warrant the jury's consideration of the negligence of [the favored driver], consider[ed] in the light most favorable to the plaintiff[,]" *Id.* at 159–60, 374 A.2d at 341; "[r]easoning minds could differ here as to whether the conduct of the favored driver was a proximate cause of the accident. Hence, there was a jury question properly presented." *Id.* at 162, 374 A.2d at 343.

In support of its holding, the *Redmiles* court discussed, at length, *Kopitzki, supra; Yellow Cab Co. v. Bonds*, 245 Md. 86, 225 A.2d 41 (1966); and *Sun Cab Co., Inc. v. Hall*, 199 Md. 461, 86 A.2d 914 (1952), all cases in which the suit was by the passenger of the favored driver and the favored driver's negligence was held to have been a proximate cause of the accident.[4] The point was made in each of the cases that a favored driver is not insulated automatically from liability simply because the unfavored driver may have been negligent. *Kopitzki*, 277 Md. at 495, 355 A.2d at 473; *Bonds*, 245 Md. at 90–91, 225 A.2d at 43; *Hall*, 199 Md. at 466–67, 86 A.2d at 917. Each recognized that, where the negligence of the favored driver was in concurrence with that of the unfavored driver, the favored driver may be found to be liable to his or her passenger. *Kopitzki*, 277 Md. at 495, 355 A.2d at 473; *Bonds*, 245 Md. at 90–91, 225 A.2d at 43; *Hall*, 199 Md. at 466–67, 86 A.2d at 917.

> While the excessive speed of the favored driver will not ordinarily be considered a cause contributing to the accident, . . . if there is evidence from which a jury could find that the favored driver was inattentive, and that but for his

---

**4.** In *Kopitzki v. Boyd,* 277 Md. 491, 355 A.2d 471 (1976), the favored driver's passenger sued both the favored driver and the unfavored driver and recovered against both. *Id.* at 494, 355 A.2d at 476.

inattention the accident could have been avoided, the favored driver's negligence becomes a jury issue. . . .

*Kopitzki,* 277 Md. at 495, 355 A.2d at 474.

From *Redmiles,* it can be gleaned that, to create a jury question on the issue of whether the favored driver's negligence was the proximate cause of the accident, it is the sufficiency of the evidence, not how the jury resolves it, that is critical. In other words, the proximate causation issue properly may have been submitted to the jury for resolution even though the jury does not find that the favored driver was negligent. While the same test applies whether the issue is the sufficiency of the evidence to present a jury question or to support a verdict, *Impala Platinum Ltd. v. Impala Sales (USA), Inc., et al.,* 283 Md. 296, 328–29, 389 A.2d 887, 906 (1978), a jury finding in favor of the favored driver in an action brought by the favored driver's passenger does not mean that the evidence the latter adduced was insufficient to make the issue of liability a jury question in the first instance.

The *Redmiles* Court made clear that it did not conceive its holding to be contrary to the boulevard rule cases previously decided by this Court. 280 Md. at 162, 374 A.2d at 343. It was in this context that the Court indicated that its holding was consistent with the amendment of the definition of right-of-way. In that regard, it noted that the report of the Warnken Committee to Study Revision of the Motor Vehicle Laws purported to make "[f]ew substantial changes . . . except as necessary for clarity or to implement substantive changes made in [subtitles other than subtitle 1, definitions]." *Id.* at 161–62 n. 4, 374 A.2d at 342–43 n. 4.

The petitioner does not challenge the sufficiency of the evidence to support a jury verdict in her favor against the favored driver—that, on the evidence adduced, a jury could find the favored driver's negligence was a proximate cause of the accident. Indeed, to the contrary, she maintained below that the evidence was such as to require judgment in her favor against the favored driver. In her motion for judgment notwithstanding the verdict, the petitioner argued:

As to Defendant Procopio, his testimony that the road was straight and clear as he approached the intersection and that he never saw the Green vehicle until it was only three feet from him left only one reasonable conclusion, that being that he was inattentive. One can argue that as the favored driver, he had no obligation to be on the lookout or observe vehicles on intersecting roads before they reached the intersection. However, it would be unreasonable to hold that he did not have a duty to observe a vehicle entering the intersection. Had he observed the Green vehicle entering the intersection, he could have sounded a horn or pulled to the right shoulder area in order to avoid the collision. Accordingly, his failure to see the Green vehicle is negligence as a matter of law.

On appeal, the petitioner focuses on the jury's verdict and, in particular, its failure to find that the favored driver was negligent. Its negative answer to the question pertaining to the favored driver's negligence is, she asserts, an affirmative finding that the favored driver was not negligent, the necessary consequence of which is to place the responsibility for the accident on the unfavored driver; if the favored driver is not negligent, then the unfavored driver, of necessity, must be.

A very similar argument was made by the favored driver in *Kopitzki*, a case procedurally very much like the case *sub judice*. While in that case, the plaintiff was the passenger in the favored vehicle, in this case, the plaintiff is the passenger in the unfavored vehicle. The question presented in *Kopitzki* was "whether a driver on a favored boulevard involved in a collision with a driver on an unfavored road who fails to yield the right-of-way is entitled to the protection of the boulevard law in a negligence action filed against him by his passenger." 277 Md. at 492, 355 A.2d at 472. Contending that he was, the favored driver argued: "[T]he boulevard law is plainly applicable, and that, notwithstanding evidence of speeding and drinking on his part, the sole proximate cause of the accident was the failure of Kitchen, the unfavored driver, to yield the right-of-way to him as the driver on the favored boulevard." *Id.* at 494, 355 A.2d at 473. We rejected the argument, holding,

instead, that it was "the 'rare' case where the question whether Kopitzki's negligence was a proximate cause of Mrs. Boyd's injury was properly submitted to the jury." *Id.* at 496–97, 355 A.2d at 474.

*Redmiles* stands for the proposition that the jury should determine whose negligence was the proximate cause of the accident when evidence sufficient to present that issue has been adduced. It does not even remotely suggest any restrictions in the jury's function in that regard. The argument that, once the jury resolved the issue of the favored driver's negligence, the unfavored driver must be liable as a matter of law, would have that effect; the effect, and, indeed, the aim, of the petitioner's argument is to restrict the possible verdicts the jury could return. Even when the unfavored driver is also before the court as a defendant and the evidence is sufficient to present a jury question as to the proximate cause of the accident, *i.e.*, whether the actions of the favored driver or of the unfavored one, if the petitioner's argument is sound, the jury would decide only whether the favored driver was negligent. But there is no basis for so restricting the jury's decision-making. In a boulevard rule case, where all of the potentially negligent parties are before the court, the jury's task extends not only to determining the negligence of the favored driver and its causal relationship to the accident, but of the unfavored driver as well.

Indeed, when all of the potentially negligent parties are before the court, no jury issue as to the proximate cause can be presented unless there is a factual issue as to which of those parties caused the accident, unless the evidence permits more than one conclusion to be drawn, that is, the evidence and the inferences from it are conflicting in that regard. As between the favored driver and the unfavored driver, such a jury issue is presented only "if the circumstances permit the application of the doctrine of last clear chance," *Kopitzki*, 277 Md. at 495, 355 A.2d at 473, or the evidence is such as to permit, but not require, the jury to find "that the favored driver's negligence was a proximate cause of the accident." *Id.* Where there is a factual issue as to which of the drivers'

conduct caused the accident, which did not result from an act of God or unavoidable consequences, ordinarily a finding in favor of one of them will lead inexorably to the conclusion that the negligence of the other was the proximate cause. That is not always the case, however. When the jury is unable to decide that either driver's negligence caused the accident, thus not resolving the factual issue, the boulevard law cannot resolve it.

*Thodos v. Bland,* 75 Md.App. 700, 542 A.2d 1307 (1988) involved a similar fact situation as that presented here. The plaintiff in *Thodos* was a passenger in one of the cars that was involved in an accident at an intersection controlled by a traffic signal.[5] She sued both drivers, contending that her injuries were caused by their negligence, either individually or jointly. Each defendant cross-claimed against the other, averring that the accident was caused by the negligence of the other. The trial court instructed the jury and submitted the case on special issues, covering all available decisional options:

(1) Do you find that [appellee] Brian Bland was solely responsible for the happening of this accident ...?;

(2) Do you find that [appellee] Thacker was solely responsible for the happening of this accident ...?;

(3) Do you find that both [appellees] Bland and Thacker were responsible for the happening of this accident ...?; and

(4) Do you find that [appellant] has not proved by a preponderance of the evidence that either [appellee] was responsible for the happening of this accident ...?

*Thodos,* 75 Md.App. at 705, 542 A.2d at 1310. The trial court entered judgment in favor of both defendants, the jury having answered the first three questions, "No" and the last one,

---

5. In *Redmiles,* this Court noted that "[w]e have also held that automatic traffic signals come within the boulevard rule and, therefore, the law with reference to them should be accorded an interpretation similar to that relative to the statute pertaining to boulevards and stop signs." 280 Md. at 143, 374 A.2d at 333. Hence, *Thodos* was also a boulevard rule case.

"Yes." It then denied the plaintiff's motion for new trial. The plaintiff's appeal challenged the latter ruling.

The Court of Special Appeals affirmed. Although it recognized that the plaintiff was not responsible for the accident, which did not result from an act of God or other unavoidable consequences, the court held that the exercise of discretion by the trial court was not abused. Even though it was aware that the denial of the new trial motion placed the burden of loss on the shoulders of the least blameworthy of the parties, it noted that the jury was at liberty to reach the conclusion it did. *Thodos,* 75 Md.App. at 713, 542 A.2d at 1313–14. The court reasoned:

> It is undisputed that appellant bore the burden of proof in this case. That burden required that she prove, not only that the accident occurred and that the negligence of one or the other of the drivers of the automobiles involved in the accident was responsible for the accident, but also which one of them actually was responsible.... The determination whether appellant met her burden of proof is a matter entrusted solely to the jury. Although the trial judge, in ruling on a motion for judgment, must assess the sufficiency of the evidence to generate a jury question, ... once he or she has done so, it is up to the jury to determine the ultimate question, whether the burden of proof has been met.... In making this determination, the jury assesses and evaluates the weight to be assigned to the evidence presented to it and decides its effect. Neither the trial court nor this Court is permitted to substitute its evaluation of that evidence for that of the jury.... To do so would be an invasion of the jury's province....

*Id.* at 713–14, 542 A.2d at 1314 (citations omitted).

The petitioner had the same burden in this case. She had to prove the culpability of either, or both, the favored driver or the unfavored driver. In that regard, her burden was to establish both that negligence and its causal relationship to the accident. *See Myers et ux v. Montgomery Ward & Co., Inc., et al.,* 253 Md. 282, 291, 252 A.2d 855, 861 (1969);

*Jackson v. Pennsylvania R.R. Co.*, 176 Md. 1, 5, 3 A.2d 719, 721 (1939); *Thodos, supra,* quoting Restatement (Second) of Torts § 433 B(1) (1965); *Pahanish v. Western Trails, Inc.*, 69 Md.App. 342, 354, 517 A.2d 1122, 1128 (1986). Furthermore, to prevail on her motion for judgment or her subsequent motion for judgment notwithstanding the verdict, the petitioner had to demonstrate her entitlement to judgment, as a matter of law, against the favored driver, or the unfavored driver, or both. This means that the evidence presented must permit only one inference—that the negligence of one or both of those drivers was the proximate cause of the accident. *See Grue, et al. v. Collins*, 237 Md. 150, 160, 205 A.2d 260, 265 (1964); *State v. Brandau*, 176 Md. 584, 589, 6 A.2d 233, 235 (1939).

Unlike in *Thodos*, a question pertaining to the plaintiff's burden of proof was not submitted to the jury in this case. Nevertheless, whether the plaintiff met her burden of proof as to either or both of the defendants was an issue it had to resolve. Given the circumstances—where there are but two defendants, the accident is not the kind that results from an act of God or unavoidable consequences, and the jury determines that neither defendant is negligent—that appears to be the issue it actually decided; the jury, in fact, determined that the plaintiff did not meet her burden of proof in establishing the proximate cause of the accident.[6]

In ruling on a motion for judgment notwithstanding the verdict,

> [t]he trial court assumes the truth of all credible evidence on the issue and of all inferences fairly deducible therefrom, and considers them in the light most favorable to the party against whom the motion is made.... If there is any legally relevant and competent evidence, however slight,

---

6. No question concerning proximate causation was submitted to the jury. From that, and the instructions given the jury, it is clear that "negligence" was intended to include both elements of liability: the driver's conduct and its causal relationship to the accident.

from which a rational mind could infer a fact in issue, then, a trial court would be invading the province of the jury by declaring a directed verdict. In such circumstances, the cases should be submitted to the jury and [the motion] denied. . . .

*Impala Platinum,* 283 Md. at 328, 389 A.2d at 905–06 (citations omitted). The weight and value of the evidence are matters solely for the jury. *Beahm v. Shortall,* 279 Md. 321, 342 368 A.2d 1005, 1017 (1977).

■ The evidence was sufficient to permit the jury to find that the favored driver was negligent and that his negligence was the proximate cause of the accident; the favored driver was travelling at twice the posted speed limit and, although the unobstructed visibility on Rhode Island Avenue, in the direction from which the favored driver was travelling, was approximately 80 yards, and the unfavored driver stopped twice and inched his way out into the intersection, thereby presenting his car to be seen by all who were interested or who looked, failed to observe the unfavored driver's car until it was approximately three feet away. There was also sufficient evidence to permit the jury to find that the unfavored driver's failure to yield the right-of-way was *the* proximate cause of the accident. But which finding to make was a matter within the exclusive province of the jury. Rather than definitively resolving the issue—finding that either one or both of the drivers was negligent—the jury did just the opposite, it failed to resolve the conflict at all, apparently believing the plaintiff failed to meet her burden of proof. That is the only explanation for the jury's findings. The jury's failure to make an affirmative finding cannot enure to the petitioner's benefit. Despite the unfairness to the petitioner, as the Court of Special Appeals held, the petitioner's motions for judgment and for judgment notwithstanding the verdict "were properly denied, and the evidence viewed in the light most favorable to Green and Procopio was legally sufficient to support the jury

verdict." Opinion, 95 Md.App. at 669, 622 A.2d at 805.[7] We agree.

*JUDGMENT AFFIRMED, WITH COSTS.*

RODOWSKY and McAULIFFE, JJ., dissent.

McAULIFFE, Judge dissenting.

The jury in this case did not return a verdict in favor of each defendant. Rather, it rendered a special verdict in the form of written findings upon specific issues. *See* Maryland Rule 2–522(c). The formulation of a judgment consistent with the written findings of the jury then became the responsibility of the trial judge. *Edwards v. Gramling Engineering Corp.*, 322 Md. 535, 548–50, 588 A.2d 793 (1991). The judgment here entered, a judgment for costs in favor of each defendant, was not consistent with the findings of the jury.

The jury was asked:

On July 14, 1988,

1. Was Douglas Monroe Green guilty of negligence?

2. Was Hugo Anthony Procopio, Jr., guilty of negligence?

The jury answered "NO" to each question. The plaintiff, who was a passenger in the unfavored vehicle, asserts quite logically that if the favored driver was not negligent, then the favored driver was entitled to the right-of-way, and under the undisputed facts of this case, the unfavored driver failed to yield that right-of-way. Thus, says the plaintiff, the trial judge should have entered judgment for the plaintiff against the unfavored driver upon the jury's finding that the favored driver was not negligent. That argument overlooks one vital

---

7. We note that no issue was presented as to the propriety of the trial court's denial of the petitioner's motion for a new trial. We do not address, therefore, whether the failure of the jury explicitly to find a failure of proof, as it did in *Thodos*, represents a significant difference between those two cases as to require, or at least permit, a different result.

fact—the jury also found the unfavored driver was not negligent.

I conclude that under the facts of this case the jury's answers were fatally inconsistent and that the trial judge should have refused to enter judgment in favor of any party, and instead granted a new trial.

It is questionably true that unless the favored driver lost the right-of-way, the unfavored driver failed to yield that right-of-way in this case. The unfavored driver argues that the favored driver did lose the right-of-way because he was negligent and a cause of the accident. But that is not the finding of the jury. Under the jury's finding that the favored driver was not negligent, the right-of-way was not lost.

The majority seeks to avoid a finding of inconsistent answers by suggesting that the plaintiff simply failed to sustain his burden of proof as to either driver. That argument does not stand up under scrutiny.

With respect to the favored driver, there were two parties who had an interest in proving that he was operating negligently—the plaintiff and the unfavored driver. The plaintiff was required to show that the favored driver was negligent in order to recover against him. The unfavored driver was required to show that the favored driver was negligent in order to divest the favored driver of the right-of-way, and thus possibly avoid liability on his own part. Assuming, as the majority posits, that neither of these parties was able to successfully shoulder that burden of persuasion, the result is that the favored driver avoids liability, *and* the right-of-way remains with him. Under the facts of this accident not in dispute, and under the legion of cases decided pursuant to the Maryland Boulevard Law, the unfavored driver is liable to the passenger because his failure to yield the right-of-way was clearly a proximate cause of the accident. As a matter of law, the plaintiff sustained the burden of persuasion as to the unfavored driver, because the statutory right-of-way granted to the favored driver remains firmly in place, and because the

failure of the unfavored driver to yield the right-of-way was clearly a proximate cause of this accident.

I would reverse the judgment and remand for a new trial.

Judge RODOWSKY joins in this opinion.