KING, Circuit Judge,
dissenting.
The panel majority today affirms the district court’s dismissal of Walsh’s claims against the neighboring landowners (the “Landowners”) and its award of summary judgment to Potomac Airfield. With all respect to my distinguished colleagues, I disagree on both accounts. I write briefly to explain my positions.
I.
The majority opinion concludes that Walsh’s action against the Landowners was properly dismissed because the trees into which Walsh crashed were on the Landowners’ property rather than in publicly-owned navigable airspace. Under such reasoning, Walsh was an uninvited entrant onto the Landowners’ property and she was not owed a duty of care. Walsh, however, asserts two viable theories of negligence under which she might be owed a duty of care by the Landowners.
First of all, under Maryland law “the violation of a statutory regulation is evidence of negligence, and if such violation causes or contributes to the injuries complained of it constitutes negligence.” Dennard v. Green, 385 Md. 305, 643 A.2d 422, 427 (1994) (internal citations and quotations omitted). Pursuant to Section 11.03.05.03(B)(1) of the Code of Maryland Regulations (the “Regulation”), “a person may not: Plant, replant, or allow any vegetation to grow to such a height as to be an airport hazard.” The Landowners accordingly possess a legal obligation, under the Regulation, not to allow hazardous vegetation on their land, and a violation of the Regulation is evidence of their negligence as to Walsh. While acknowledging the existence of the Regulation, the majority maintains that, under Maryland law, the Regulation cannot be construed to define the upper boundary of the Landowner’s property because to do so would raise “serious questions under the Fifth Amendment’s Takings Clause.” Ante at 821 n. 3. Land-use regulations, however, do not constitute unconstitutional takings unless they deprive the owner of “all economically beneficial or productive use of land.” Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992); see also Front Royal & Warren Co. Indus. Park Corp. v. Town of Front Royal, 135 F.3d 275, 285 (4th Cir.1998). The regulatory restriction on growing vegetation to a hazardous height does not deprive the Landowners of any economically or productive use of their land: their ability to reside on the property is intact, and they are not precluded from grazing animals, farming, or undertaking a variety of other activities thereon. As such, the Regulation cannot constitute an unconstitutional taking.
Second, even absent the Regulation, the Landowners may still owe a common-law duty of care not to endanger air travellers with their tall trees. Under Maryland law, “an owner of property abutting on a highway is under an obligation to use reasonable care not to endanger travellers on the highway by objects so located on his premises that they are likely to cause injury.” Stottlemyer v. Groh, 201 Md. 414, 94 A.2d 449, 453 (1953). And the Supreme Court has long analogized navigable airspace to a “public highway.” United States v. Caus *825 by, 328 U.S. 256, 261, 264, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946). Thus, just as Maryland law obligates a land-owner abutting a highway not to endanger vehicular travellers, it may also require a landowner with tall trees neighboring navigable airspace not to endanger air travellers. Whether the Landowners’ trees bordered navigable airspace, i.e., the “public highway,” thus creating a common law duty of care, is a question that cannot be resolved on a Rule 12(b)(6) motion to dismiss.*
In sum, the Landowners may have been in violation of the Regulation, and they may have owed Walsh a common law duty of care. A violation of the Regulation, or a breach of the common law duty of care, constitutes evidence of negligence that might enable Walsh to prevail in her action, if such violation or breach can also be shown to have caused or contributed to her injuries. Dennard, 643 A.2d at 427. Regardless of whether Walsh may ultimately prevail in her case, she has stated a claim, under Rule 12(b)(6), upon which relief can be granted, and the district court’s dismissal of the Landowners should be vacated.
II.
I also disagree with the majority on its affirmance of the summary judgment awarded by the district court to Potomac Airfield. The majority maintains that no reasonable factfinder could find that Potomac Airfield breached its common law duty to provide Walsh with a safe departure path. Ante at 823. The record, however, reflects that the Maryland Aviation Administration (“MAA”) specifically warned Potomac Airfield about the tall trees neighboring the airport at least three times prior to this accident — in May 1988, in August 1993, and again in September 1997. Indeed, in its letter of September 12, 1997, to the manager of Potomac Airfield regarding the tall trees, the MAA advised that “[w]e recommend that appropriate measures be taken to correct these problems in order to improve the condition of the airport and enhance safety.” The majority has unduly minimized these warnings because Walsh was injured during a take-off, and it maintains that “there is nothing in the MAA reports to suggest that the trees posed a danger to aircraft departing the airfield.” Ante at 823. This contention is simply not supported by the record. The MAA’s Airport Data Inspection Summary, completed on September 5, 1997, indicates that the tall trees obstructed the approach surface of Runway 06, the very runway from which Walsh departed. And handwritten in the margin of the Inspection Summary is the statement that the obstruction was “overflown by aircraft departing Runway 06.” Thus, the record plainly reflects that, eight months before Walsh was injured departing from Runway 06, Potomac Airfield had been warned by the MAA that tall trees obstructed departures from that Runway.
Because Potomac Airfield was repeatedly warned about the tall trees, there is sufficient evidence of negligence in the record to enable a reasonable factfinder to conclude that Potomac Airfield breached its common law duty to provide Walsh with a safe departure path from Runway 06. The award of summary judgment to Potomac Airfield was therefore improper. It should be left to a proper array of Maryland jurors to decide whether Potomac Airfield is liable to Walsh.
*826 III.
Because I would vacate the district court’s dismissal of the Land-owners and its award of summary judgment to Potomac Airfield, I respectfully dissent.

 As a general matter, “a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.” Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In considering a Rule 12(b)(6) motion, “the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.” Id.