Debra WRIGHT, Plaintiff
Below, Appellant,

v.

Michael MOORE, and Simco Sales Ser-
vice of Pennsylvania, Inc., a Pennsyl-
vania Corporation, Defendants Below,
Appellees.

No. 612, 2007.

Supreme Court of Delaware.

Submitted: March 26, 2008.

Decided: June 17, 2008.

Gary W. Aber of Aber, Goldlust, Baker & Over, Wilmington, Delaware for appellant.

Christian J. Singewald and William L. Doerler (argued) of White and Williams LLP, Wilmington, Delaware for appellees.

STEELE, Chief Justice.

Plaintiff-appellant, Debra Wright, petitioned for an interlocutory appeal contesting a Superior Court judge's refusal to reopen discovery following remand for a new trial. In Wright's first trial in this personal injury action, the jury returned a verdict for defendants-appellees, Michael Moore and Simco Sales Service of Pennsylvania, Inc. On appeal, we reversed and remanded for a new trial to correct errors that occurred in the first trial. The trial judge entered a scheduling order on remand and Wright moved to modify that order in order to present evidence of new medical expenses incurred after the first trial. After review, we find that the trial judge abused her discretion by denying the motion to amend the scheduling order before fully considering the request. Superior Court Rule 16 pretrial orders control the proceedings in a case, and modifications are allowed to prevent "manifest injustice."[1] We find no analysis under that standard in the record. Appellant has asked that the case be reassigned to a different trial judge because the current trial judge's sole basis for denying the motion to amend the scheduling order reflects a closed mind and demonstrable bias against the merits of appellant's case. Be-

1. Super. Ct. Civ. R. 16.

cause the record supports appellant's contention, we reverse and remand with instructions that the case be reassigned to a new trial judge.

## FACTS AND PROCEDURAL HISTORY

Wright suffered injuries arising from two car accidents in 2002. The first occurred on March 28, 2002 and the second occurred on September 10, 2002. She settled with the other driver in the March accident. Wright then sued Moore, the other driver in the September accident, and his employer Simco Sales Service, in June 2003. The case went to trial in June 2006 and the jury returned a verdict for the defendants. Wright appealed the verdict in July 2006. We reversed and remanded for a new trial, for the reasons discussed in our July 2, 2007 decision.[2]

On remand, the trial judge entered a scheduling order for the new trial. The order stated that all deadlines for discovery had lapsed. Wright filed a motion to modify the scheduling order to reopen discovery in order to present new evidence and expert disclosures on the medical expenses she had incurred since the first trial. At a hearing on the motion on October 22, 2007, the trial judge firmly explained that the time for discovery had elapsed and that discovery would not be reopened. Pursuant to Supreme Court Rule 42,[3] Wright filed a petition for an interlocutory appeal on November 21, 2007, challenging the trial judge's denial of her motion to reopen discovery. We granted the petition.

## DISCUSSION

 Under Superior Court Rule 16, the trial judge enters a trial scheduling order which governs pretrial conferences, scheduling, and trial management.[4] The final Rule 16(e) pretrial stipulation order dictates how the trial will proceed, unless modified by a later order of the court. Rule 16(e) states the standard by which any motions to amend the final pretrial order shall be considered: "The order following a final pretrial conference shall be modified only to prevent manifest injustice."[5] We review a trial judge's decision to deny a motion to amend a pretrial order for abuse of discretion.[6] "When an act of judicial discretion is under review the reviewing court may not substitute its own notions of what is right for those of the trial judge, if his judgment was based upon conscience and reason, as opposed to capriciousness or arbitrariness."[7]

 Upon remand to the Superior Court for a new trial in this case, the Rule 16(e) final pretrial order from the first trial remained in place governing the conduct of the second trial, subject to any necessary modifications from the appellate court mandate reversing and remanding the case.[8] The trial judge entered a new

2. *Wright v. Moore*, 931 A.2d 405, 408 (Del. 2007).

3. Supr. Ct. R. 42.

4. Super. Ct. Civ. R. 16; see *Barrow v. Abramowicz*, 931 A.2d 424, 430 (Del.2007); *Sammons v. Doctors for Emergency Servs., P.A.*, 913 A.2d 519, 528 (Del.2006).

5. Super Ct. Civ. R. 16(e); *Green v. Alfred A.I. DuPont Inst. of the Nemours Found.*, 759 A.2d 1060, 1063–64 (Del.2000); *McLain v. Gen. Motors Corp.*, 569 A.2d 579, 582 (Del.1990).

6. *McLain*, 569 A.2d at 582.

7. *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1106 (Del.2006) (citing *Chavin v. Cope*, 243 A.2d 694, 695 (Del.1968)).

8. *Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 38 (Del.2005) (citing *Ins. Corp. of Am. v. Barker*, 628 A.2d 38, 41 (Del.1993)) (noting that on remand the trial court must follow the mandate and the law of the case on appeal).

scheduling order, thus amending that previous pretrial order, which set new dates and instructions for counsel. Superior Court Civil Rule 16(e) dictates that pretrial orders be modified "only to prevent manifest injustice," but nevertheless allows for a modification if that standard is met. A mechanism to modify a pretrial order on remand is necessary and it should be the same standard as any application to modify an original pretrial order. We hold that the standard for modifying a pretrial order governing a second trial resulting from a remand should be to avoid "manifest injustice" and the party opposing any motion to modify must be given an opportunity to show prejudice in rebuttal.[9]

■ In this appeal, Wright maintains that at the new trial she should be permitted to present evidence of actual medical expenses incurred during the summer after the conclusion of the first trial. She argues that the trial judge improperly denied her motion based solely on the trial judge's personal opinion that the case is meritless and the trial judge's firmly expressed belief, on the record, that the jury will again return a defense verdict.[10] Wright claims that being precluded from introducing *actual* medical expenses incurred since the first trial is manifestly unjust. Contending that the trial judge acted within her discretion by denying the motion, Moore argues that we remanded to cure trial errors that occurred at the first trial and that none of those errors would be remedied—or even addressed—by modifying the pretrial order to reopen

discovery. Moore argues that Wright's claim of "manifest injustice" is misplaced because she presented evidence of future medical expenses at the first trial and would be able to do the same at the second trial. Moore concedes that denying Wright's motion to reopen discovery is tantamount to refusing to admit post first trial *actual* medical expenses into evidence at the trial on remand. Moore claims that allowing evidence of those expenses would constitute unfair prejudice because discovery has closed.

■ We find there is no absolute bar in Delaware to admitting new evidence in a second trial after reversal and remand.[11] Furthermore, there is no rule in Delaware that mandates that any new evidence admitted at a second trial must be related to the reasons for the remand.[12]

■ We conclude there should be no bar to admitting actual medical expenses incurred between trials, but also that before a motion to modify can be granted to reopen discovery, any claim by Wright that a failure to do so constitutes a manifest injustice must be balanced against any contention by Moore that to do so would unfairly prejudice her. The trial judge did not articulate any standard for her decision to deny the motion to modify, nor did she explain how she weighed the competing interests of the parties when she decided to deny the motion to modify to reopen discovery. All the record contains are unequivocal remarks deprecating appellant's

---

9. Super. Ct. Civ. R. 16.

10. Apparently, having presided over the first trial and noting that the jury deliberated only seven minutes before returning a defense verdict, the trial judge felt compelled to articulate a clear view that a second trial would be a waste of time.

11. *See Ins. Corp.,* 628 A.2d at 41 (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 950 (3rd Cir.1985)) (indicating that on remand a trial court is "free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not settled by the decision.").

12. *Id.*

chances of success at the new trial. We are left with nothing more than the trial judge's clearly stated view that a new trial on remand would be a waste of time and simply result in another defense verdict. While she may well be proved correct, that conclusion on this record, absent evidence of thoughtful consideration of the appropriate standard, forces us to conclude that the judgment to deny the motion outright is one not based upon conscience and reason, but one rendered capriciously. Therefore, we reverse the trial judge's ruling and remand for the motion to reopen discovery to be considered under the Rule 16 "manifest injustice" standard before the second trial in this case.

We also note appellant's request that this case be reassigned to another judge.[13] A reading of the transcript from the trial judge's hearing on Wright's motion to reopen discovery reveals her strong views about the merits of the case. Her comments indicate that she had already concluded before the hearing that the appellant's case on remand had no merit. That view clearly drove her to a perfunctory denial of Wright's motion to reopen discovery for the purpose of seeking the admission of the post first trial medical expenses. Objectively, we are forced to conclude that the record reflects "an appearance of bias sufficient to cause doubt about the judge's impartiality."[14]

## CONCLUSION

For the foregoing reasons, we REVERSE and REMAND to the Superior Court for further proceedings consistent with this opinion. Jurisdiction is not retained.

---

13. In considering whether to reassign a case on remand, "we review the merits of the issue objectively and determine whether there is an appearance of bias sufficient to cause doubt about the judge's impartiality." *Watson v. State,* 934 A.2d 901, 906 (Del.2007).

