Angelo CUONZO, Esq., Administrator Pendente Lite for the Estate of Donald A. Young, Plaintiff Below, Appellant,

v.

Catherine L. SHORE, Defendant Below, Appellee.

No. 83, 2008.

Supreme Court of Delaware.

Submitted: Aug. 27, 2008.
Decided: Oct. 6, 2008.

Bruce L. Hudson, Wilmington, Delaware, for appellant.

Louis B. Ferrara, Ferrara, Haley, Bevis & Collins, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

STEELE, Chief Justice.

Catherine Shore and Barbara Young collided in a two car accident, which resulted in the death of Young's passenger, her husband Donald Young. Young's estate brought a negligence action in the Superior Court through its administrator, Angelo Cuonzo, against both drivers, Shore and Barbara Young. The jury returned a verdict finding neither driver negligent. Donald Young's Estate requested a new trial, because it believed that: (1) the jury could not properly conclude that neither driver was negligent; and, (2) certain essential photographs were improperly excluded from evidence. The trial judge denied a Motion for a New Trial and the plaintiff appealed.

## FACTS AND PROCEDURAL HISTORY

Both parties deny they caused the accident but took the position at trial that the other caused the accident. Barbara Young could not remember the accident and settled with the plaintiff. She remained a party because Shore crossclaimed against her. After trial, the jury found neither defendant negligent. The Estate argued that the jury committed legal error when its verdict did not comport with the Shore's apparent concession that one driver must have driven through a red light while the other had a green light. The Estate claims the trial judge improperly excluded certain photographs from evidence.

## THE RELEVANT FACTS

During discovery and at trial, Shore consistently testified that her light was green when she entered the intersection. Barbara Young could not remember the accident. The Estate offered an accident reconstruction expert who opined that, based on the location of the skid marks created by Shore's car, Shore must have applied her brakes for some reason other than a perception that Youngs' car was approaching. The Estate's expert opined that Shore's view of the Youngs' car at the moment she started to brake was completely obstructed by the Wilmington Trust Bank. The Estate's expert did not opine on whether a particular car had the green light or what perceived hazard may have caused Shore to brake.

Cpl. Thomas Mason was an investigating police officer at the accident scene. He took measurements of the tire skid marks and photographs of the scene. The Estate introduced two sets of photographs during Mason's deposition. One set of photographs showed the damage to Shore's car at a salvage yard after the accident. Another set of photographs displayed the car at the accident scene. Some of the accident scene photographs showed the damage caused by the rescue squad when they retrieved the Youngs from the wreck. The photos depicted the roof of the Youngs' car torn off. During Mason's deposition, Barbara Young objected to admitting the photographs at trial. At that deposition, the parties agreed to mark the photographs for identification and have the trial judge rule on their admissibility at trial. In the pretrial stipulation, the plaintiff listed those two sets of photographs as "photographs of the accident scene and Defendant Shore's vehicle." The stipulation made no mention of photos of the scene that also showed Young's car or photos "of the Youngs' vehicle."

At trial, Shore did not object to the photographs of the accident scene or photographs of her car because she contended those photographs were properly identified in the pretrial stipulation. Shore also did not object to admitting one photograph showing the Youngs' car in the far background and skid marks at the accident scene in the foreground. Shore did object to several photographs which clearly showed the rescue squad's damage because of the prominence of the Youngs' car in the photographs' foreground. Shore asserted that the photographs did not represent the Youngs' car post-impact because the torn car roof exaggerated the damages. The trial judge excluded those photographs from evidence. The trial judge explained that the ambiguity created by the Estate's identification of "photographs of the accident scene and Defendant Shore's vehicle" (as opposed to the Youngs') failed to give Shore notice that a photograph showing the Youngs' car would be produced at trial.

The Estate believed Shore's speed to be a central issue, despite Mason's testimony that the: "impact was not of such force

and such crush damage to indicate that speed was an issue." The Estate contends that the excluded photographs established Shore's speed at the time of the accident by visually showing the facts that its expert opined on, specifically the skid marks, final resting place of the cars, and the severity of the impact. Shore counters the Estate's contention by highlighting the unfair prejudice she would suffer if the excluded photographs containing the post collision exaggerated damage to the Youngs' car were admitted.

After all the evidence and closings, the trial judge explained to the jury that the Estate bore the burden of proving its case by a preponderance of the evidence. The trial judge gave the pattern jury instruction that "[i]f the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point." The trial judge gave the jury a special verdict sheet *agreed to by the parties* that read as follows:

1. Do you find that Defendant Catherine L. Shore was negligent?

2. Do you find that the negligence of Catherine L. Shore was a proximate cause of injury to Donald A. Young? If your answer to Question 1 was "NO," then the answer to this Question (2) must also be "NO."

3. Do you find that Defendant Barbara Young was negligent?

4. Do you find that the negligence of Barbara Young was a proximate cause of injury to Donald A. Young? If your answer to Question 3 was "NO," then the answer to this Question (4) must also be "NO."

 If your answer is "NO" to both Question 2 and Question 4, call the Bailiff. If your answer is "YES" to either Question 2 or Question 4 or both, please go on to Question 5....

The jury returned the verdict form with negative answers to those four questions.

## POST TRIAL PROCEEDINGS

The Estate moved for a new trial because:

[t]he jury's verdict that neither of the defendants was negligent is not reasonably based upon any of the evidence and clearly contrary to the great weight of evidence presented at trial. No reasonable juror could have reached a verdict finding that both drivers were not negligent when one of them clearly disregarded a red light.

The Estate asserted that "[o]nly if the plaintiff did not meet the burden to prove that at least one of the defendants disregarded the red light could the jury render a verdict in favor of both defendants." The Estate further contended that the trial judge improperly excluded the post accident photographs.

Denying the Estate's motion for new trial, the trial judge concluded that the jury could have reasonably reached its verdict if it found that the evidence was evenly balanced and the Estate, therefore, had not met its burden of proof. The trial judge further noted that the court had discretion to exclude the photographs if they had not been properly identified. He held that Shore was entitled to rely on the pretrial stipulation to prepare her case unless preventing manifest injustice required modifying the pretrial stipulation. The stipulation did not identify photographs of the Youngs' car. The judge also noted that the plaintiff was still able to introduce evidence of Shore's speed through its accident reconstruction expert based on the same facts that it contended would be established by the photographs of the Youngs' car.

## ANALYSIS

### I. The Trial Judge Did Not Abuse His Discretion By Denying A New Trial.

■■■ The trial judge must give "enormous deference" to the jury's verdict when reviewing a motion for new trial.[1] We review a trial judge's denial of a motion for new trial for abuse of discretion.[2]

■■■ The plaintiff has the burden to prove its negligence case by a preponderance of the evidence.[3] If the evidence is evenly balanced between the parties, then the plaintiff has failed to meet his burden.[4] The Estate insists that "[n]o reasonable juror could have reached a verdict finding that both drivers were not negligent when one of them clearly disregarded a red light" (or the accident would not have occurred). The assertion implies a burden shift to the defense.

A burden shift is permitted in limited circumstances. None are apparent here. In one famous burden shifting case, *Summers v. Tice*, two hunters both negligently fired their guns while hunting quail.[5] One of the hunters' pellets hit the plaintiff.[6] Because both hunters were negligent, the court shifted the burden to the defendants to prove that each was not the shooter whose pellets struck the plaintiff.[7] The Second Restatement of Torts supported that reasoning by stating,

[w]here the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty regarding which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.[8]

The trial judge correctly distinguished the present case from the burden shifting analysis in *Summers v. Tice*. To permit burden shifting, both drivers must have been negligent. Here, the parties never contended that both drivers negligently disregarded the red traffic light that controlled the intersection.

The reasonable conclusion to be drawn from the jury's verdict here is similar to the conclusion drawn by the Maryland Court of Appeals in *Dennard v. Green*.[9] In *Dennard*, a passenger brought a negligence action against the driver of the car she was in and the driver of the other car in the accident.[10] The jury found neither driver to be negligent.[11] As in the present case, there was no act of God or any other legally recognizable circumstance to support a finding that the accident occurred in the absence of someone's negligence.[12] The Maryland Court of Appeals upheld the trial court's decision to deny a motion for judgment notwithstanding the verdict and motion for new trial.[13] The *Dennard* Court held that a jury does not need to find as a matter of law that at least one

---

1. *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).

2. *Id.*

3. *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 545 (Del.Super.2005).

4. *Id.*

5. *Summers v. Tice*, 33 Cal.2d 80, 199 P.2d 1, 4 (1948).

6. *Id.*

7. *Id.* at 5.

8. Restatement (Second) of Torts § 433B(3) (1979).

9. 335 Md. 305, 643 A.2d 422 (1994).

10. *Id.* at 423.

11. *Id.* at 424.

12. *Id.* at 429.

13. *Id.* at 423.

driver is negligent in a two car accident.[14] The *Dennard* Court held that the plaintiff has the burden of proving that the accident occurred, one or more of the drivers were negligent and that that driver's negligence proximately caused the plaintiff's injury.[15]

 The jury weighs the credibility of the witnesses in addition to weighing the evidence.[16] It is not the province of the court to oversee the jury's findings on credibility.[17] When the jury weighs the evidence presented to the parties, including credibility, the jury can find that the evidence is equal, and thus, the party with the burden of proof has failed to carry that burden.[18] As in *Dennard,* the Estate and Shore presented conflicting evidence. In both *Dennard* and here, the jury was free to find that the evidence for either defendant carried the same weight as the evidence for the plaintiff. If the jury so concluded, then the Estate failed to carry its burden as to that defendant. The jury could have found that the Estate failed to carry the burden for each defendant. We conclude that the trial judge did not abuse his discretion when he denied the motion for a new trial.

## II. *The Trial Judge Did Not Abuse His Discretion by Excluding the Photographs.*

 This Court reviews an evidentiary ruling for abuse of discretion.[19] "Where, as here, the appeal is grounded on allegations that the trial court erred as a matter of law or abused its discretion in certain evidentiary rulings, this Court will first consider whether the specific rulings at issue were correct."[20] If this Court finds abuse of discretion or an error as a matter of law, then this Court must decide if the error constituted sufficient prejudice that the aggrieved party was denied a fair trial.[21]

Through Superior Court Rule 16, the trial judge enters a scheduling order, which governs the management of the trial.[22] Rule 16(e) states that the pretrial order "shall control the subsequent course of action unless modified by a subsequent order to prevent manifest injustice." Therefore, when a party attempts to deviate from a pretrial order, he must show that modification of the order will prevent manifest injustice.[23] When a party argues that modification is necessary to prevent manifest injustice, the trial judge should consider:

(1) the prejudice or surprise in fact of the party against whom the proffered documents would have been submitted;

(2) the ability of the party to cure the prejudice;

(3) the extent to which waiver of the rule against admission of unlisted documents would disrupt the orderly and efficient trial of the case or of other cases in the court; and

---

14. *Id.*

15. *Id.* at 430.

16. *Id.; see also Debernard v. Reed,* 277 A.2d 684, 685 (Del.1971).

17. *Smith v. State,* 669 A.2d 1, 6 (Del.1995); *Dennard v. Green,* 643 A.2d at 430.

18. *See, e.g., Dennard,* 643 A.2d at 430–31; Del. P.J.I. Civ. § 4.1 (2000).

19. *Green v. Alfred A.I. duPont Inst. of Nemours Found.,* 759 A.2d 1060, 1063 (Del.2000).

20. *Id.*

21. *Id.* (citation omitted).

22. *Wright v. Moore,* 953 A.2d 223 (Del.2008).

23. *Green,* 759 A.2d at 1063; Super. Ct. Civ. R. 16(e).

(4) bad faith and willfulness in failing to comply with the court's order.[24]

While the parties here seem to agree on the rule's purpose, they disagree on what was identified in the pretrial stipulation and they disagree about who must establish manifest injustice. The Estate contends that it identified photographs of the Youngs' car. The Estate contends that the photographs showed the skid marks and the severity of the accident, factors probative of Young's speed.

The trial judge simply read the plain wording in the pretrial stipulation literally: "photographs of the accident scene and Defendant Shore's vehicle." In concluding that the Estate did not specifically identify photographs to be used for the purpose of inferences from damage to the Youngs' car, the trial judge correctly determined that it was the Estate's burden to establish that manifest injustice could only be avoided by seeking to amend the stipulation to include photographs that could be used to show damage to the Youngs' car.[25]

The trial judge balanced the probative value of introducing the additional pictures of skid marks and the accident scene against the highly prejudicial images of the Youngs' car taken after the rescue team tore off the roof. The trial judge properly reasoned that it would be unfair to Shore if the Estate attempted to introduce evidence for a purpose for which Shore was not on notice.[26] The trial judge's reasoning is consistent with the first consideration in the modification analysis, prejudice and surprise. Shore offered a solution to cure the prejudice by digitally erasing the Youngs' car in the

photographs, but the Estate refused. The Estate did not establish that manifest injustice could be avoided only by amending the Stipulation to allow photos showing the Youngs' car admitted. The trial judge's evidentiary ruling complied with Delaware Superior Court Civil Rule 16(e). He did not abuse his discretion.[27]

## CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is affirmed.

---

24. *Green,* 759 A.2d at 1063–64 (citation omitted).

25. *Id.* at 1063.

26. *See, e.g., Barrow v. Abramowicz,* 931 A.2d 424, 432 (Del.2007) (holding that a party has a right to rely on the pretrial order); *Green,* 759 A.2d at 1064.

27. *See Green,* 759 A.2d at 1064.