# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PEARCE & MORETTO, INC.,    )
   )
   Plaintiff,    )
   )
   v.    )    C.A. No. N19L-06-090 WCC
   )
HYETT'S CORNER, LLC,    )
   )
   Defendant.    )
   )

Submitted: October 5, 2022
Decided: November 10, 2022

**Plaintiff's Motion to Re-Open Discovery –
GRANTED** in part, **DENIED** in part.

## MEMORANDUM OPINION

G. Kevin Fasic, Esquire; Offit Kurman, P.A., 222 Delaware Avenue, Suite 1105 Wilmington, DE 19801. Attorney for Plaintiff.

Richard L. Abbott, Esquire; Abbott Law Firm, 724 Yorklyn Road, Suite 240 Hockessin, DE 19707. Attorney for Defendant.

**CARPENTER, J.**

Before this Court is Plaintiff Pearce & Moretto, Inc. (hereinafter "P&M" or "Plaintiff")'s Motion to Re-Open Discovery. P&M asserts it will suffer manifest injustice if prevented from admitting two sets of documents and conducting two depositions.[1] For the reasons set forth in this Opinion, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

## I.     Facts & Procedural Background

This action arises out of a construction dispute between Plaintiff P&M and Defendant Hyett's Corner, LLC ("Hyett" or "Defendant").[2] In April 2013, Hyett hired P&M to perform construction services for two housing developments: (1) Windsor Commons and (2) the Enclave at Hyetts Crossing, ("Enclave").[3] P&M asserts Hyett owes it $38,870.00 for work performed at the Enclave.[4]

On June 26, 2019, P&M filed a Complaint for mechanic's lien, breach of contract, unjust enrichment, and Payments Act violations.[5] In response, Hyett countersued, alleging the work was unsatisfactory and no additional payments are due.[6] In addition, Hyett claims P&M owes it $1.292 million for the misapplication

---

[1] Compl. at 1.
[2] *Id.* ¶ 3.
[3] *Id.*
[4] *Id.* P&M says it is not owed anything for services to the Windsor Commons development.
[5] *Id.* at ¶¶ 5-7.
[6] Def.'s Answer and Counterclaims. D.I. 12 (Aug. 8, 2019).

of about 70,000+/- cubic yards of excess topsoil.[7]  Hyett's claims are for breach of contract, negligence, breach of implied warranty, conversion, and trover.[8]

On May 18, 2021, the Court entered a Trial Scheduling Order setting a 2-day trial to commence on February 28, 2022.[9]  Discovery ensued from September through December 2021.[10]  The parties filed *Motions in Limine* on January 4, 2022[11] which were responded to soon after.[12] At the pretrial conference on February 21, 2022, the Court granted a continuance based upon the parties' request for additional time to discuss settlement which had been delayed by the inaction of New Castle County to conduct a site visit.[13]  On March 24, 2022, the Court entered a Second Trial Scheduling Order, setting: (1) a 3-day Bench Trial scheduled to commence November 29, 2022; and (2) a pretrial conference scheduled to commence November 10, 2022.[14]  From April 5, 2022 until September 26, 2022 no additional filings, discovery requests, or amendments were made by either party.[15]

On September 27, 2022, P&M filed its Motion to Re-Open Discovery to: (1) produce aerial photographs of the site; (2) add New Castle County's March 4, 2022

---

[7] Def.'s Answer and Counterclaims. D.I. 12 ¶¶ 115-16, 135-38 (Aug. 8, 2019).
[8] *Id.*
[9] Trial Scheduling Order, D.I. 28 (May 18, 2021).
[10] *See* D.I. 31 – D.I. 51.
[11] Def.'s Mot. in Limine, D.I. 56 (Jan 4. 2022); Plt.'s Mot. in Limine, D.I. 57 (Jan. 4, 2022).
[12] Plt.'s Resp. to Def.'s Mot. in Limine, D.I. 60 (Jan. 13, 2022); Def.'s Resp. in Opp. to Plt.'s Mot. in Limine D.I. 69 (Feb. 14, 2022).
[13] Judicial Action Form, D.I. 73 (Feb. 21, 2022).
[14] Second Trial Scheduling Order, D.I. 75 (Mar. 24, 2022).
[15] Def.'s Response in Opposition to Plf.'s Motion. ¶ 10. *See* D.I. 78-79. ("Hyett's Response").

site visit report into evidence;[16] and (3) allow P&M to conduct depositions of two principal Hyett members[17] (hereinafter, "new evidence"). P&M requests it be permitted to use the University of Delaware website containing the aerial photographs as well as the New Castle County report at trial.[18] Plaintiff argues it is manifestly unjust to prevent P&M from using public photographic evidence at trial to defeat a "mystery pit" theory heavily relied upon by Hyett.[19]

In response, Hyett asserts P&M fails to meet the presumed "good cause" standard under Superior Court Rule 16(b)(5)[20] as well as the manifest injustice standard under 16(e) and therefore the photographs and report should be excluded.[21]

## II. Discussion

### A. Superior Court Civil Rule 16 governs whether to amend the Trial Scheduling Order to admit new evidence.

Delaware's standard for manifest injustice has been adopted from federal case law.[22] The U.S. Court of Appeals for the Third Circuit created a set of factors which

---

[16] Plt.'s Mot. to Reopen Discovery ¶¶ 2, 5. D.I. 79 (Sept. 27, 2022) ("P&M's Motion.").
[17] *Id*. at 1.
[18] *Id*. ¶ 11.
[19] *Id*. ¶ 11. P&M asserts that the tens of thousands of cubic yards of topsoil which are missing from the site are buried in a pit in a 9-acre open space area on the site. P&M has not offered any evidence of the pit; however, P&M concedes that it converted all excess topsoil that Hyett legally owned. This situation has led Hyett to refer to the pit as a "mystery pit."
[20] Hyett's Response ¶ 23.
[21] *Id*. ¶¶ 24-25.
[22] *Meck v. Christiana Care Health Servs., Inc.*, 2011 WL 1226456, n. 4 (Del. Super. Mar. 29, 2011).

3

must be considered when evaluating whether the trial court properly exercised its discretion in an exclusion analysis.[23]  These are known as the *Pennypack*[24] factors:

> (1) the prejudice or surprise in fact of the party against whom the proffered documents would have been submitted;
> (2) the ability of the party to cure the prejudice;
> (3) the extent to which waiver of the rule against admission of unlisted documents would disrupt the orderly and efficient trial of the case or of other cases in the court; and
> (4) bad faith and willfulness in failing to comply with the court's order.[25]

Delaware courts have implemented the *Pennypack* factors through Superior Court Rule of Civil Procedure 16(e).[26]  The Supreme Court of Delaware explained, the four factors are persuasive authority under a Rule 16(e) analysis and could satisfy the manifest injustice standard.[27]  Pursuant to Rule 16, the trial judge should consider the four factors when a party argues modification of a final pretrial order is necessary to prevent manifest injustice.[28]

Procedurally, this case is unique for several reasons. First, when the initial pretrial conference was held on February 21, 2022, the Court did not approve or sign the pretrial stipulation. Technically, this would provide either party an opportunity to modify the previously filed pretrial stipulation. However, the Court did note that

---

[23] *In re TMI Litigation,* 193 F.3d 613, 721 (3d Cir. 2000).

[24] *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894 (3d Cir. 1977)

[25] *Ness v. Graybeal*, 2009 WL 147021, at *3 (Del. Super. Jan. 16, 2009) (citing *Cuonzo v. Shore*, 958 A.2d 840, 845-46 (Del. 2008)) (quoting *Green v. Alfred A.I. DuPont Institute of Nemours Foundation*, 759 A. 2d 1060, 1063-64 (Del. 2000)).

[26] *Green v. Alfred A.I. duPont Inst. of Nemours Found.*, 759 A.2d 1060, 1064 (Del. 2000).

[27] *Id.*

[28] *Id.*

4

all discovery deadlines from the scheduling order had passed and no additional discovery was to be undertaken without consent of the Court. This has now led to Plaintiff's Motion to Re-Open Discovery. Under these circumstances, the report from New Castle County as well as the photographs could be added by Plaintiff since the pretrial stipulation has not been Court ordered. However, even if they are added to the pretrial stipulation now, Defendant has indicated that it would object, thus making the Motion to Re-Open Discovery ripe for consideration.

Since the addition of these items would not be a violation of the orders previously issued, the manifest injustice standard would not apply and the Court would simply consider the relevance of the photographs and report and whether a proper foundation had been established for their admissibility. Under this standard, the Court finds that the photographs of the site at the time of construction are relevant and would be admitted if Plaintiff establishes a proper foundation at trial or the parties agree to their admissibility. The aerial photographs will assist the factfinder in determining the condition of Hyett's site during construction and the existence of borrow pits on site. It appears that counsel for Hyett was aware of the availability of the photographs and thus cannot claim surprise nor prejudice to their admission. The Court also finds that Defendant's assertion that the photographs would require expert testimony to rebut the borrow pit assertion is suspect at best. It would seem to the Court that those individuals who were actually on site would have the more relevant

testimony and would be able to describe what is occurring in the photographs. The Court is not sure what value an expert would bring to this situation. That said, if Defendant wants to have an expert, it is free to do so recognizing it will push the trial into 2023.

The same is not true as to the New Castle County report. This document was created after the discovery deadline and was requested by the parties to assist in determining what each should be responsible for resolving. It has demands from New Castle County beyond the issues of this litigation and the parties previously represented to the Court that it was to be used to settle the litigation. Therefore, the Court finds the New Castle County report is not relevant as to what work occurred when Plaintiff was on site and is not admissible.

That leaves the request to take the deposition of Ramesh Batta and Kurt Schultz regarding the photographs of the borrow pits. The deadline for discovery set forth in the scheduling order in this case passed months ago, and it appears these individuals were not deposed during the discovery period. The issue regarding these pits has been at the core of this litigation since the counterclaim was filed. It appears these individuals would have been available for deposition during the discovery period and Plaintiff has provided no reasonable explanation as to why the discovery of the photographs would suddenly make their testimony more critical or relevant.

While the Court finds this request is clearly not made in bad faith, to allow these depositions now, after the discovery deadline, would likely cause a delay in the trial and would be disruptive to the orderly and efficient progress of this case that has already been delayed once. As a result, the Court finds as to these depositions that (a) Defendant would be prejudiced by a further delay due to outstanding financial concerns; (b) a delay of trial is unavoidable if the depositions are allowed and (c) the Court process would be disrupted. Therefore, the Motion to Re-Open Discovery to take these depositions is hereby denied.

## IV. Conclusion

In sum, the Court finds:

(a) The photographs/website photographs are admissible if a proper foundation is established at trial

(b) The New Castle County report is ruled inadmissible; and

(c) The request to take depositions of Ramesh Batta and Kurt Schultz is denied.

**IT IS SO ORDERED.**

/s/ William C. Carpenter, Jr.
Judge William C. Carpenter, Jr.

7