24 A.3d 114

**Sajid A. MALIK, et ux.**

v.

**TOMMY'S AUTO SERVICE, INC., et al.**

No. 2204, Sept. Term, 2009.

Court of Special Appeals of Maryland.

July 5, 2011.

Alan L. Fishbein, Baltimore, MD, for appellant.

Timothy E. Fizer, Baltimore, MD, for appellee.

Panel: KRAUSER, C.J., KEHOE and ARRIE W. DAVIS (Retired, Specially Assigned), JJ.

KRAUSER, C.J.

A tow truck owned by Tommy's Auto Service, Inc. ("TAS") and operated by a TAS employee, Charles Payne,[1] struck the vehicle of appellant, Sajid A. Malik. Malik, thereafter, brought a negligence action in the Circuit Court for Prince George's County against appellees, Payne and TAS, for the injuries he sustained as a result of the collision. After a jury found appellant contributorily negligent, the court entered judgment in favor of appellees.

Appellant presents three issues for our consideration. Reworded to facilitate our review, they are:

I.    Whether the circuit court erred in refusing appellant's requested jury instruction that a driver is presumed to have seen what he would have seen had he properly exercised his faculty of vision.

II.   Whether the circuit court erred in denying appellant's motion for judgment.

III.  Whether the circuit court erred in instructing the jury on contributory negligence.

Finding no error, we affirm.

## Background

On a clear and sunny afternoon in November, appellant was driving northbound in, what he described as, "bumper to bumper" traffic on Washington Boulevard. At that location, Washington Boulevard had two northbound lanes, two southbound lanes, and one center lane for turns in either direction. As he approached the intersection of Washington Boulevard and Cemetery Lane, appellant merged into the center turning lane with the intention of making a left turn onto Cemetery Lane. Appellant testified that he had come to a complete stop and that he was waiting for traffic in the southbound lanes to clear, when the accident occurred.

---

1.  At trial, the parties stipulated that, at the time of the accident, Payne was operating the vehicle "in the course and scope of this employment" with TAS.

Meanwhile, Payne, who was driving an unloaded flatbed tow truck, emerged from a parking lot directly across from Cemetery Lane on the northbound side of Washington Boulevard. Appellant testified that he saw Payne emerge from the parking lot and that he watched as vehicles in the two northbound lanes of Washington Boulevard "cleared the way to let the tow truck go."

Payne testified,[2] however, that, with the intention of turning left to travel southbound on Washington Boulevard, he proceeded about one-third of the way into the center turning lane, after being waved on by cars in the northbound lanes, and stopped. He then looked to his left, to his right, to his left again, and to his right again. Observing that there were no vehicles in either of the southbound lanes or the center turning lane, he proceeded forward. But, when he did, he struck the front passenger side of appellant's sport utility vehicle ("SUV"), totaling the vehicle. Photographs of appellant's SUV showed that the most severe damage was to the portion of his vehicle that was even with and in front of his right front tire and that there was also damage to the side of the vehicle extending to the rear of that tire.

Appellant stated that, when he was struck by Payne, his vehicle was at a standstill and was parallel to Washington Boulevard. Payne, on the other hand, testified that, at the moment of impact, appellant's vehicle was angled away from the northbound lanes because appellant "had already proceeded to make his left turn." He further stated that his truck was not completely perpendicular to appellant's SUV or the center turning lane, but that it "was angled for me to make the left turn." A drawing by Payne illustrating the positioning of the vehicles was introduced at trial. In addition, photographs of the vehicles showing scrapes on the left side of Payne's truck's front bumper, but not on the right, were introduced to corroborate Payne's testimony as to the posi-

---

2. At the time of trial, Payne was unable to travel because of illness, but his videotaped deposition was played for the jury.

tioning of the vehicles and to suggest that the principal point of impact was the front left bumper of Payne's truck.

Appellant did not go to the hospital on the day of the accident because he "didn't feel like [he] was hurt," but, in the weeks and months that followed, he experienced increasing amounts of pain and was eventually diagnosed with a herniated disc.

At the close of evidence, appellant moved for judgment, citing the "Boulevard Rule," which provides, generally, that a driver who enters a roadway (the "unfavored driver") must yield the right of way to a vehicle approaching on the roadway (the "favored driver"), unless there is evidence that the favored driver was proceeding unlawfully or was contributorily negligent. *See, e.g.*, Md.Code. (1977, 2009 Repl.Vol.), § 21–705(c) of the Transportation Article; *Grady v. Brown*, 408 Md. 182, 195, 968 A.2d 1084 (2009) (citing *Creaser v. Owens*, 267 Md. 238, 245, 297 A.2d 235 (1972)). Insisting that there was no evidence of contributory negligence on his part and that Payne was negligent as a matter of law, appellant claimed that he was entitled to judgment under Rule 2–519.[3] The circuit court denied appellant's motion, stating, "It's a question of fact, I'll let the jury sort it out."

Appellant thereafter requested that the circuit court instruct the jury that a driver "is conclusively presumed to have seen such surrounding circumstances as he would have seen had he properly exercised ... his faculty of vision." The circuit court denied this request, stating that it was simply "a longer way of saying the same thing" as the negligence

---

**3.** Maryland Rule 2–519 provides, in relevant part:

(a) Generally. A party may move for judgment on any or all of the issues in any action at the close of the evidence offered by an opposing party, and in a jury trial at the close of all the evidence. The moving party shall state with particularity all reasons why the motion should be granted....

(b) Disposition.... When a motion for judgment is made [at the close of all the evidence in a jury trial], the court shall consider all evidence and inferences in the light most favorable to the party against whom the motion is made.

instruction that was to be given. Then, notwithstanding appellant's objection, the court chose to give a contributory negligence instruction "for the same reason" that it had denied appellant's motion for judgment.

The jury found Payne to have been negligent and appellant to have been contributorily negligent. Accordingly, judgment was entered in favor of appellees.

## Discussion

### I.

■ Appellant contends that the circuit court erred in denying his request that the jury be instructed that a driver "is conclusively presumed to have seen such surrounding circumstances as he would have seen had he properly exercised . . . his faculty of vision." We disagree.

■ "When we review a trial court's ruling to grant or deny a requested jury instruction, we consider whether the requested instruction was a correct exposition of the law, whether that law was applicable in light of the evidence before the jury, and finally whether the substance of the requested instruction was fairly covered by the instruction actually given." *Zografos v. Mayor & City Council,* 165 Md.App. 80, 109, 884 A.2d 770 (2005) (quoting *Burdette v. Rockville Crane Rental, Inc.,* 130 Md.App. 193, 212, 745 A.2d 457 (2000)) (internal quotation marks omitted). According to Maryland Rule 2–520(c), "[t]he court need not grant a requested instruction if the matter is fairly covered by instructions actually given." Thus, " '[s]o long as the law is fairly covered by the jury instructions, reviewing courts should not disturb them.' " *Zografos,* 165 Md.App. at 109, 884 A.2d 770 (quoting *Farley v. Allstate Ins. Co.,* 355 Md. 34, 46, 733 A.2d 1014 (1999)).

Appellant requested that the court give the following jury instruction:

You are instructed the driver will not be permitted to say that he looked and failed to see what he must have seen had he looked. It may be stated as a general rule that the

driver of on [sic] automobile is charged with notice of such conditions in and along the road as he should have seen.

In other words, he is conclusively presumed to have seen such surrounding circumstances as he would have seen had he properly exercised . . . his faculty of vision.

The duty to look implies the duty to see what is in plain sight unless some reasonable explanation is shown. When there's nothing to obstruct the vision of the driver it is negligence not to see what is clearly visible.

The circuit court denied appellant's request, stating:

I think I prefer negligence is doing something that a reasonable person would not do or not doing something that a reasonable person would do. I mean, that's like a longer way of saying the same thing.

Thereafter, the court gave the following negligence instruction, in accordance with Maryland Civil Pattern Jury Instruction 19:1 (4th ed. 2009 Supp.):

Negligence is doing something that a person using reasonable care would not do, or not doing something that a person using reasonable care would do. Reasonable care means that caution, attention or skill a reasonable person would use under similar circumstances.

The court further instructed the jury, in compliance with Maryland Civil Pattern Jury Instruction 18:1, that "[t]he driver of a motor vehicle must use reasonable care."

Appellant asserts, but does not explain why, the pattern jury instructions given did not "fairly cover" the matter of Payne's conduct. We conclude that the instruction that a driver is negligent if he or she does not use reasonable care, that is, the caution, attention, or skill of a reasonable person in similar circumstances, fairly covers the matter of Payne's attention to the visible hazards on Washington Boulevard on the day of the accident.

Moreover, even if the circuit court's denial of appellant's requested instruction was error, the error was harmless. A party complaining about the denial of a requested instruc-

tion must not only establish error, but also show prejudice resulting from that error. *Landon v. Zorn,* 389 Md. 206, 225, 884 A.2d 142 (2005) (citing *Farley,* 355 Md. at 47, 733 A.2d 1014); *see also Baltimore Gas & Elec. Co. v. Flippo,* 348 Md. 680, 706–07, 705 A.2d 1144 (1998) (applying the harmless error standard to a trial court's denial of a requested jury instruction).

Appellant's requested instruction pertained to Payne's negligence at the time of the accident. The court's failure to give that instruction did not prevent the jury from finding, as it did, that Payne was, in fact, negligent. Thus, appellant suffered no prejudice from the court's failure to give the requested instruction.

## II.

■ Appellant claims that the circuit court erred in denying his motion for judgment on the issue of liability because Payne was negligent under the Boulevard Rule and "the appellees failed to present any evidence to support a finding of contributory negligence." This claim is also without merit.

The Court of Appeals, in *Grady v. Brown,* 408 Md. 182, 968 A.2d 1084 (2009), explained the duty imposed by the Boulevard Rule:

"[A] driver upon approaching a 'through highway' from an unfavored road must stop and yield the right of way to all traffic already in or which may enter the intersection during the entire time the unfavored driver encroaches upon the right of way; [and] this duty continues as long as he is in the intersection and until he becomes a part of the flow of favored travelers or successfully traverses the boulevard."

408 Md. at 194, 968 A.2d 1084 (quoting *Creaser v. Owens,* 267 Md. 238, 239–40, 297 A.2d 235 (1972)) (alterations in original). "The purpose of the rule," explicated the Court, "is to 'accelerate the flow of traffic over through highways by permitting travelers thereon to proceed within lawful speed limits without interruption.'" *Id.* (quoting *Belle Isle Cab Co., v. Pruitt,* 187 Md. 174, 179, 49 A.2d 537 (1946)).

The Boulevard Rule is codified in several sections of the Transportation Article of the Maryland Code (1977, 2009 Repl.Vol.), including, most relevant to the instant appeal, section 21–404, which provides: "The driver of a vehicle about to enter or cross a highway [4] from a private road or driveway or from any other place that is not a highway shall yield the right-of-way to any other vehicle approaching on the high-way." [5]

██ But the liability of the unfavored driver in such a situation is not absolute:

> In a case where the favored driver is suing the unfavored driver, once the plaintiff establishes that he was driving lawfully on the favored driveway, the burden shifts to the defendant to produce evidence legally sufficient to create a factual dispute regarding the lawfulness of the plaintiff's actions or, in the absence of a statutory violation, the plaintiff's contributory negligence.

*Barrett v. Nwaba,* 165 Md.App. 281, 293, 885 A.2d 392 (2005). That is, "if it can be shown that the favored driver could have avoided the accident if he had been operating lawfully and with due care, then the negligence of the favored driver should be an issue for the jury." *Dennard v. Green,* 335 Md. 305, 314, 643 A.2d 422 (1994) (quotations omitted).

██ When a party moves for judgment at the close of evidence, "[i]f there be any evidence, however slight, *legally sufficient* as tending to prove negligence, . . . the weight and value of such evidence will be left to the jury." *Myers v. Bright,* 327 Md. 395, 399, 609 A.2d 1182 (1992) (quoting *Fowler*

---

**4.** "Highway" is defined in section 11–127 of the Transportation Article as "[t]he entire width between the boundary lines of any way or thoroughfare of which any part is used by the public for vehicular travel, whether or not the way or thoroughfare has been dedicated to the public and accepted by any proper authority."

**5.** Section 21–705(c) of the Transportation Article provides for an identical duty on the part of a driver emerging from "an alley, driveway, or building": "The driver of a vehicle emerging from an alley, driveway, or building shall on entering the roadway, yield the right-of-way to any other vehicle approaching on the roadway."

*v. Smith,* 240 Md. 240, 246, 213 A.2d 549 (1965)) (emphasis in original).  " 'Legally sufficient' means 'that a party who has the burden of proving another party guilty of negligence, cannot sustain this burden by offering a mere scintilla of evidence, amounting to no more than surmise, possibility, or conjecture that such other party has been guilty of negligence, but such evidence must be of legal probative force and evidential value.' " *Id.* (quoting *Fowler,* 240 Md. at 247, 213 A.2d 549).

▉▉▉ In this analysis, "meager evidence of negligence is sufficient to carry the case to the jury." *Beahm v. Shortall,* 279 Md. 321, 342, 368 A.2d 1005 (1977) (quotation marks omitted).  But, we have cautioned, a finding of contributory negligence must not be "based on conjecture" or "require, as to the two vehicles, speculation as to the related factors of time, speed, and distance." *Barrett,* 165 Md.App. at 298, 885 A.2d 392.  As the Court of Appeals has explained, "[i]f . . . the relative rights of travellers . . . are held to depend upon nice calculations of speed, time, and distance[,] the rule would encourage recklessness and the privilege of uninterrupted travel would mean little more than the privilege of having a jury guess in the event of a collision whose guess was wrong." *Belle Isle,* 187 Md. at 179, 49 A.2d 537.

In reviewing the circuit court's denial of a motion for judgment, we "consider all evidence and inferences in the light most favorable to the party against whom the motion is made." Md. Rule 2–519(b); *see also Grady,* 408 Md. at 196, 968 A.2d 1084.

Payne testified that, after passing, without incident, through the two northbound lanes on Washington Boulevard, he proceeded approximately one-third of the way into the center turning lane and then came to a stop.  Payne testified that he looked twice to his left and twice to his right and that, when he did so, there were no vehicles in the center lane.  He further stated that, when he struck appellant's SUV, appellant "had already proceeded to make his left turn," that is, appel-

lant was not stationary in the center lane at the time of the accident as he claimed.

There was also evidentiary support for Payne's account in the photographs of the two vehicles that were introduced at trial. The photographs showed that Payne's truck's left front bumper sustained the most damage. Although the most severe damage to appellant's SUV was to the portion that was even with and in front of the front tire, appellant's vehicle also had additional scrapes extending toward the rear behind the right front tire. Because the principal point of impact appeared to be the left front bumper of Payne's truck and the right front side of appellant's SUV, the less severe scrapes on the middle portion of appellant's SUV suggest that the SUV was moving toward the truck when the two collided. That is, if appellant had been stationary, as he claimed, the more severe damage to Payne's truck's bumper would have been at the center or on the right portion of the front bumper, because that would be the part of the truck that caused the bulk of the damage to appellant's SUV. And, under those circumstances, there would have been less damage to the left portion of Payne's truck's bumper, because that would have been the part of Payne's vehicle that caused the less severe scrapes on appellant's vehicle. But that is not what the evidence showed.

Appellant also testified on cross-examination that he saw Payne emerge from the parking lot and proceed through the northbound lanes. We have noted that a favored driver " 'cannot proceed in blind indifference to the danger to which his progress may expose others.' " *Barrett,* 165 Md.App. at 298, 885 A.2d 392 (quoting *Harper v. Higgs,* 225 Md. 24, 31, 169 A.2d 661 (1961)). Unlike in *Barrett,* where we held that "there simply was no evidence of anything that would cause [the favored driver] to anticipate or realize that [the unfavored driver] would, or had, entered the roadway," here, in contrast, appellant was aware of Payne's presence in the roadway prior to the accident. That knowledge constituted further evidence that appellant proceeded negligently. And, of course, "[t]he weight and value of the evidence are matters solely for the

jury." *Dennard,* 335 Md. at 323, 643 A.2d 422 (citing *Beahm,* 279 Md. at 342, 368 A.2d 1005).

Although Payne did not testify that he actually saw appellant dart in front of his truck immediately prior to the accident, it would not have been unreasonable to infer from the evidence at trial, as set forth above, that that is precisely what appellant did. And, from such a finding, the jury could have concluded that appellant was contributorily negligent.

Appellant points out, however, that, in *Barrett,* we stated that, if the Boulevard Rule "is to maintain any relevance in Maryland's motor tort law, an unfavored driver cannot avoid liability and create a jury issue of the favored driver's contributory negligence merely by asserting that he did not see the favored driver when attempting to enter the favored highway." *See Barrett,* 165 Md.App. at 299, 885 A.2d 392. But the factual context of that observation is quite different from what we have here.

In *Barrett,* an unfavored vehicle entered a roadway from a gas station and struck a favored vehicle in the right-hand lane of the roadway. *Id.* at 286, 885 A.2d 392. The favored driver had been following a large tractor trailer in the right-hand lane but moved, prior to the accident, to the left-hand lane to pass the truck. *Id.* Then, when the favored vehicle merged back into the right-hand lane, it was struck by the unfavored vehicle, which had begun to enter the driveway. *Id.* The unfavored driver asserted that he had looked to his left before entering the roadway, and, although he had seen the tractor trailer, he had not seen the favored vehicle, because it was hidden behind the truck. *Id.* at 294, 885 A.2d 392. We held that the unfavored driver had not presented legally sufficient evidence of contributory negligence by the favored driver simply by asserting that "he did not see the favored driver." *Id.* at 299, 885 A.2d 392.

In so holding, we looked to *Brendel v. Ellis,* 129 Md.App. 309, 742 A.2d 1 (1999), where we noted that the unfavored driver could not "rely on his excuse that a large Ryder truck, parked in the northbound curb lane, blocked his view of the

oncoming [favored vehicle]." 129 Md.App. at 317–18, 742 A.2d 1. Both *Barrett* and *Brendel* are consistent with the observation by the Court of Appeals in *Grady* that in no case involving the Boulevard Rule " 'has there been any suggestion that the topography of an area which limits an unfavored driver's view of travelers on the favored highway would relieve him of the heavy responsibility placed on him by the stringent requirements of this law.' " 408 Md. at 195, 968 A.2d 1084 (quoting *Creaser,* 267 Md. at 243, 297 A.2d 235).

Here, we arrive at an outcome, which, although contrary to the result reached by the *Barrett* Court, is consistent with its reasoning and compatible with its holding. In the instant case, the unfavored driver, Payne, did not claim that he looked but was unable to see the vehicle he struck because of an obstruction, as Barrett claimed, but, rather, that he looked, that his view was unobstructed, and that appellant was nowhere in sight when he proceeded to complete his turn. Hence, the testimony of Payne in the instant case was quite different from the testimony of the unfavored driver in *Barrett*. That testimonial difference permitted the jury to infer that appellant was aware of Payne's presence in the roadway; that he was in motion and not stationary, as he had claimed, when the accident occurred; that he may have darted in front of Payne's truck right before the accident occurred; and that he was thus contributorily negligent.

Moreover, such a finding would not "depend upon nice calculations of speed, time, and distance." *See Belle Isle,* 187 Md. at 179, 49 A.2d 537. Appellant's purported contributory negligence was not in driving too fast, but in failing to exercise proper care and attention before merging into, or advancing in, the center turning lane, which was already partially occupied by Payne's truck. Thus, the evidence at trial was legally sufficient to support a finding that appellant was contributorily negligent, and the circuit court did not err in denying appellant's motion for judgment on the issue of liability and submitting the issue to the jury.

## III.

Appellant also contends that the circuit court erred in instructing the jury on contributory negligence, asserting that appellees "failed to offer any evidence which demonstrated that [he] was contributorily negligent." As noted, in reviewing a trial court's ruling to grant or deny a requested jury instruction, "we consider whether the requested instruction was a correct exposition of the law, whether that law was applicable in light of the evidence before the jury, and finally whether the substance of the requested instruction was fairly covered by the instruction actually given." *Zografos,* 165 Md.App. at 109, 884 A.2d 770. As we have seen, there was legally sufficient evidence of appellant's contributory negligence, and appellant does not challenge the instruction that was given on any other ground. Thus, this claim has no merit.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**